IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

REGINALD E. JONES, JR.,

    Petitioner,

v.

DARRYL FORTÉ, Jackson County Sheriff;
and DIANA TURNER, Director of the
Jackson County Department of Corrections,

    Respondents.

Case No.

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Reginald E. Jones, Jr., a defendant in a pending State of Missouri criminal proceeding, seeks a writ of habeas corpus under 28 U.S.C. § 2241 to remedy his detention by Respondents in violation of the Constitution of the United States.

**INTRODUCTION**

1. This case challenges the State of Missouri's authority to retry Petitioner after his first trial ended in a mistrial that was declared over his objection and without a finding of manifest necessity. Petitioner will be unlawfully subjected to a second trial in violation of the Double Jeopardy Clause unless this Court grants a writ of habeas corpus.

**JURISDICTION**

2. This action arises under the Constitution of the United States.

3. This Court has jurisdiction under 28 U.S.C. §2241, Art. I, § 9, cl. 2 of the Constitution of the United States, and 28 U.S.C. § 1331, as Petitioner is currently in custody in violation

of the Constitution of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 2241(d) because Petitioner is physically present and in the custody of Respondents within the Western District of Missouri.

5. Divisional venue is proper in the Western Division pursuant to Local Rule 3.2(a)(1)(A).

## PARTIES

6. Petitioner, Reginald E. Jones, Jr., is a citizen of the United States. He is currently incarcerated in the Jackson County Detention Center pending trial in the Circuit Court of Jackson County, Missouri.

Although this is not a petition for post-conviction relief, Petitioner provides the following information pursuant to Local Rule 9.2(b):

   a. Petitioner's full name is Reginald E. Jones, Jr. He does not have a prison number.
   b. Respondent Diana Turner is the Director of the Jackson County Department of Corrections. Respondent Darryl Forte is the Jackson County Sheriff.
   c. Petitioner is detained at the Jackson County Department of Corrections.
   d. There is no sentence currently imposed. Petitioner is being held in custody contrary to the laws of the United States.
   e. There has been no sentence imposed. The underlying cause of action is 1716-CR05241-01 (Missouri State Court, 16th Judicial Circuit).
   f. There has been no sentence imposed.
   g. Petitioner has at all times maintained his innocence.
   h. The jury was discharged over the objection of Petitioner without reaching a verdict.
   i. The appeals in this case are as follows: State ex rel. Reginald Jones v. The Honorable Kevin Harrell, cause number WD82877, in the Missouri Court of Appeals, Western District, summarily denied, without reasons, on June 14, 2019 Petitioner subsequently sought relief in the form of a writ of prohibition from the Missouri Supreme Court in a case styled State ex rel. Reginald E. Jones, Jr., v. The Honorable Kevin Harrell, cause number SC97955. The petition was summarily denied without prejudice on June 20, 2019.
   j. No previous petition or motion for habeas corpus relief has been filed.
   k. Paige Bremner, 324 E. 11th St, 20th Floor, 64106, is Petitioner's lead attorney in the underlying cause of action.

l. Detailed factual allegations are provided below.
m. Petitioner seeks to proceed in forma pauperis. A verified motion has been filed with the Court.

7. Respondent Darryl Forté is the Sheriff of Jackson County, Missouri. He is responsible for the Jackson County Detention Center and is Petitioner's legal custodian. He is sued in his official capacity only.

8. Respondent Diana Turner is the Director of the Jackson County Department of Corrections. She is responsible for day-to-day operation of the Jackson County Detention Center and is Petitioner's immediate custodian. She is sued in her official capacity only.

## FACTUAL ALLEGATIONS

9. Petitioner is the defendant in a pending State of Missouri criminal case styled *State of Missouri v. Reginald E. Jones, Jr.*, cause number 1716-CR05241-01. He is charged with two counts of murder in the first degree and two counts of armed criminal action by way of an indictment that was returned on February 2, 2018.

10. Petitioner's case proceeded to trial on June 4, 2019. The petit jury was sworn on June 5, 2019, at which time jeopardy attached.

11. The matter was submitted to the jury for deliberations on June 11, 2019.

12. On Wednesday, June 12, 2019, the jury informed the court that it had reached a verdict as to some, but not all, counts.

13. Based on a question sent to the court by the jury, Defendant drew the reasonable inference that the jury intended to acquit him on at least one of the murder charges. Specifically, the jury's question asked if Defendant's self-defense claim as to Count I applied to Count III.

3

14. The court recessed for the evening after determining that a mandatory definition had been omitted from one of the verdict directing instructions. Both parties were instructed to research the issue and provide argument to the court by email.

15. In its email to the court about the instructional issue, counsel for the State of Missouri recommended the court declare a mistrial on all counts based on the questions asked, the issues with the instructions, and the potential for appellate issues. However, counsel for the State also provided a memorandum to the court stating that the instructional issue could be fixed by submitting a corrected instruction.

16. Defendant consented to submission of an amended instruction but objected to a mistrial.

17. Deliberations resumed the next day, June 13, 2019. The following subsequently occurred: (i) the jury sent a letter to the court asking for instructions on changing its foreman; (ii) after a bench conference, the parties agreed to read the correct sudden passion definitional instruction to the jury; (iii) one juror pulled aside the court's clerk and asked for advice if some jurors were unwilling to follow instructions; and (iv) the jury sent a letter to the court asking what to do if some jurors were unable to follow the instructions, and asking what to do if some jurors did not appear to understand the instructions.

18. Counsel for the State again recommended a mistrial. In contrast, defense counsel requested the following remedial measures: (i) an instruction to the jurors that they must follow the court's instructions; (ii) an instruction, based on the prior days communication from the jury that it had reached verdicts on some counts, directing the jury to return verdicts on any of the counts where it was unanimous; and (iii) any other instructions necessary to avoid a mistrial. The State opposed all of these proposed remedies.

19. After conferring with the parties, the court brought the jurors into open court and asked the jury if there was an agreement as to some, but not all, counts. Once again, the jury foreman stated that the jury was unanimous on some counts. The court then asked the foreman if there were some jurors unwilling to follow the court's instructions. The foreman answered in the affirmative. The court asked if further deliberations would be helpful. The foreman answered in the negative.

20. The court sent the jury back to deliberate. It did not instruct the jurors that they must follow the court's instructions, nor did it direct the jury to return verdicts on those counts to which they were unanimous.

21. After the jury had retired, the court asked for the positions of the parties. Counsel for the State recommended a mistrial. Petitioner objected to a mistrial and asserted that it would violate his right to be free from double jeopardy, as guaranteed by the Fifth, Sixth, and Fourteenth Amendment to the Constitution of the United States. He again argued that there were remedial measures available to the court short of a mistrial. Examples proffered by Petitioner's counsel included an instruction to the jury that it must follow the court's instructions, an *Allen* charge (generally referred to as a "hammer" instruction in Missouri), and an instruction directing the jury to complete verdict forms for those counts on which it was unanimous because—on those counts at least—the jurors apparently followed the court's instructions. The State maintained the position that a mistrial should be granted over Petitioner's objection on all counts.

22. Counsel for Petitioner continued her objection by noting that it was apparent through the jury's questions about the alleged victim's actions as initial aggressor (alleged in Count I) that the jury was prepared to acquit on Count I. It was also likely, given the jury's

5

question about sudden passion that there was a substantial likelihood that the jurors were considering Voluntary Manslaughter under Count III, and that Count III was the source of any deadlock. Petitioner's counsel argued that the State was seeking a mistrial to avoid an acquittal on some or all counts. Counsel for the State did not refute this argument.

23. The court subsequently expressed concern that the jury might return verdicts on the armed criminal action counts only, which could not be accepted without agreement on the underlying felonies. Petitioner's counsel argued that this was not a reason to refrain from receiving the verdicts, as the court could reject them for not being in proper form if this actually happened.

24. A mistrial was declared—over Petitioner's objection—on June 13, 2019. No finding of manifest necessity was made by the trial court prior to granting the mistrial. Indeed, the court did not set forth factual findings on the record other than a declaration that at least one juror's unwillingness to follow the court's instructions was troubling and a declaration that the jury was deadlocked.

25. Petitioner sought relief in the form of a writ of prohibition from the Missouri Court of Appeals in a case styled *State ex rel. Reginald Jones v. The Honorable Kevin Harrell*, cause number WD82877. The petition was summarily denied on June 14, 2019.

26. Petitioner subsequently sought relief in the form of a writ of prohibition from the Missouri Supreme Court in a case styled *State ex rel. Reginald E. Jones, Jr., v. The Honorable Kevin Harrell*, cause number SC97955. The petition was summarily denied without prejudice on June 20, 2019.

27. Petitioner is currently set to be retried beginning June 24, 2019.

## LEGAL STANDARD

28. A person may petition for a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(b)(3).

29. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

30. "In order to grant the writ there must be '[s]ome increment of incorrectness beyond error,' although 'the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'" *Green v. Lee*, 964 F. Supp. 2d 237, 254 (E.D.N.Y. 2013) (quoting *Matter of Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000))

## CLAIMS FOR RELIEF

31. Petitioner raises a double jeopardy claim that has been exhausted in the Missouri courts. There is no impediment to pursuing habeas relief on an exhausted double jeopardy claim, contending that the Fifth Amendment precludes the State from retrying the petitioner, even though the State's prosecution of him remains pending in the state courts. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984); *Abney v. United States*, 431 U.S. 651 (1977). Petitioner is currently in the custody of Respondents.

32. The Fifth Amendment to the United States Constitution prohibits placing a person twice in jeopardy of life or limb for the same offense. This protection applies to state prosecutions through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 793-94 (1969). And this protection against double jeopardy applies to both successive

7

punishments and successive prosecutions for the same criminal offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

33. Ordinarily, where the defendant seeks a mistrial, "[n]o interest protected by the Double Jeopardy Clause is invaded." *United States v. Scott*, 437 U.S. 82, 100 (1978). "A fundamentally different analysis applies where a mistrial is sought by the Government, or, as here, entered by the Court *sua sponte*." *United States v. Rivera*, 384 F.3d 49, 54-55 (3d Cir. 2004). "There is an inherent danger that the Government will 'enter[ ] upon the trial of the case without sufficient evidence to convict' and request a mistrial simply to marshal a better case." *Id.* (quoting *Downum v. United States*, 372 U.S. 734, 737 (1963)). "Similarly, the Double Jeopardy Clause 'prevents a prosecutor or judge from subjecting a defendant to a second prosecution by discontinuing the trial when it appears that the jury might not convict.'" *Id.* (quoting *Green v. United States*, 355 U.S. 184, 188 (1957)).

34. It is for this reason that "the Double Jeopardy Clause usually bars retrial where the prosecution moves for a mistrial over the objection of the defense[.]" *United States v. Valadez-Camarena*, 163 F.3d 1160, 1162-63 (10th Cir. 1998). And "[t]he power to declare a mistrial 'ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes.'" *Rivera*, 384 F.3d at 55 (quoting *United States v. Perez*, 22 U.S. 579, 580 (1824)). "The prosecutor must demonstrate 'manifest necessity' for any mistrial declared over the objection of the defendant." *Washington*, 434 U.S. at 505. "In evaluating whether manifest necessity require[s] [a] mistrial, 'the critical inquiry is whether less drastic alternatives were available[.]" *Long v. Humphrey*, 184 F.3d 758, 761 (8th Cir. 1999) (quoting *United States v. Shafer*, 987 F.2d 1054, 1057 (4th Cir. 1993)).

8

35. The double jeopardy clause "protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy,* 456 U.S. 667, 671 (1982)). Jeopardy attaches at the time the jury is impaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 35 (1978). If jeopardy has attached and the court grants a mistrial, the defendant may be retried only if (1) the court declared a mistrial without the defendant's request or consent, after the trial court, in its discretion, concluded that justice would not be served by a continuation of the proceedings; or (2) the defendant requested or consented to the mistrial (unless the request was caused by prosecutorial misconduct intended to goad the defendant into making the request).

36. Because neither of these circumstances apply here, retrial is barred. Justice was not served by the granting of a mistrial. First, there were numerous alternatives to a mistrial available to the court. *Long*, 184 F.3d at 761. Petitioner's counsel brought many of these alternatives to the court's attention. The State opposed every such solution. Petitioner's counsel requested an instruction to the jurors that they must follow the instructions of the court. The State opposed this request, arguing that at least one juror indicated an unwillingness to follow instructions.

37. The court could have issued the often used "hammer instruction," instructing the jury on the value of reaching a unanimous verdict, a common means for avoiding mistrial. The court could have questioned any juror who was failing to follow an instruction of the court. *State v. Harris*, 477 S.W.3d 131, 139 (Mo. App. E.D. 2015), *superseded on other grounds by Mo. Const. Amend*. The State did not offer any curative measures other than mistrial. Thus, the State did not meet its "heavy burden" of proving "manifest necessity"

9

for a retrial because there were less onerous means available. *Washington*, 434 U.S. at 505.

38. Second, the court could have asked that the jury return verdicts as to some, but not all, Counts. *State v. Fonville*, 433 S.W.3d 477, 482 (Mo. App. W.D. 2014) (approving of an instruction to "jury that, if it had reached unanimous agreement on any of the counts, which the jury indicated that it had, then it could return a verdict on those counts if it wanted to do so and then continue deliberating on the other counts[]"); *see also Yeager v. United States*, 557 U.S. 110, 120 (2009) ("acquittal on some counts and a mistrial declared on others"). Petitioner's counsel made this request multiple times. The court's expressed apprehension that only armed criminal action counts would be returned was not a reason for concern; as properly noted and argued by Petitioner's counsel, the court could simply refuse to accept such a verdict as not in proper form. *E.g.*, *State v. Pelz*, 845 S.W.2d 561, 565 (Mo. App. W.D. 1992). Thus, the State did not meet its burden of showing that a mistrial was necessary. *Washington*, 434 U.S. at 505.

39. Finally, it was apparent to the parties and the court that it was likely the jury was prepared to acquit Petitioner of at least one count of first degree murder. Defense counsel raised this issue numerous times. Notably, the State did not rebut this contention at any time. The State argued for a mistrial, not based upon any wrongdoing by Petitioner or his counsel, but upon a concern that the jury was deadlocked and some jurors may have been unwilling to follow instructions *on one Count*. The State argued against the curative measures proposed by Petitioner's counsel. The State did not offer any other remedy besides a mistrial. The State and the court were aware of the inferences.

10

40. Importantly, the State argued that there was the possibility of creating error. But this argument fails because it was Petitioner who was inviting a verdict on the counts where the jury was unanimous. The questions presented by the jury—and read into the record by the trial judge—asking if the actions of one man as the initial aggressor should affect their verdict on Petitioner's accusations on another count made this likelihood clear. The State's argument that a mistrial was necessary on all counts, while not identifying any particularized error can be nothing but a pretext designed to avoid acquittal.

41. At least one day before any question was raised as to whether at least one juror could follow the court's instructions, the parties and the court were aware that the jury was seriously considering Petitioner's substantial self-defense argument. That evening—before any parties knew of allegations that one or more jurors were not following instructions, but after the parties were made aware of the likelihood of at least one acquittal—the State emailed the court and defense stating its intend to seek a mistrial. Thus, the State asked for and received a mistrial, motivated by the desire to avoid an acquittal. And the Double Jeopardy Clause "prevents a prosecutor or judge from subjecting a defendant to a second prosecution by discontinuing the trial when it appears that the jury might not convict." *Green*, 355 U.S. at 188. Accordingly, the State failed to meet its burden. *Washington*, 434 U.S. at 505.

42. "'[T]he ... doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant's option until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings.'" *Gouveia v. Espinda*, 17-16892, 2019 WL 2439422, at *12 (9th Cir. June 12, 2019) (quoting *United States v. Dinitz*, 424 U.S. 600, 607 (1976). And like the state

11

trial judge reversed by the United State District Court, affirmed by the Ninth Circuit in *Gouevia*, Petitioner's trial judge failed "to provide any meaningful consideration to alternatives to a mistrial[.]" This violated Petitioner's double jeopardy rights, and "retrying [Petitioner] would violate the Double Jeopardy Clause." *Id.*

43. Present counsel anticipates that Petitioner's lead state-court trial counsel will seek a stay from the state circuit court of the state court proceedings while this federal habeas proceeding remains pending in the federal courts. If the state court fails to issue a stay, the petitioner will ask that this Court do so. As *Abney* and *Lydon* and other cases readily recognize, the right Petitioner seeks to vindicate in this habeas proceeding (the right not to be retried) will be lost if he is retried before this proceeding runs its course.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays this Court:

a. Grant Petitioner's double jeopardy claim pursuant to his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States;

b. Stay the pending retrial in *State of Missouri v. Reginald E. Jones, Jr.*, cause number 1716-CR05241-01, if the state trial court denies a request for stay subsequent to the filing of this Petition

c. Enter an order enjoining the State of Missouri from reindicting or retrying Petitioner on the murder and armed criminal action charges at issue in *State of Missouri v. Reginald E. Jones, Jr.*, cause number 1716-CR05241-01;

d. Enter an order requiring the State of Missouri to dismiss all counts of the indictment in *State of Missouri v. Reginald E. Jones, Jr.*, cause number 1716-CR05241-01 with prejudice;

e. Enter an Order directing Petitioner's release from the custody of Respondents; and

f. Grant such other and further relief as the Court may deem just, proper, and equitable.

Respectfully submitted,

/s/ Michael K. Hill
MICHAEL K. HILL, #68136
Assistant Public Defender
Missouri State Public Defender System
324 East 11th Street
Suite 2000
Kansas City, MO 64106-2417
Phone: (816) 889-2099
Fax: (816) 889-2999
Email: Michael.Hill@mspd.mo.gov

Attorney for Petitioner

## VERIFICATION

I, Michael K. Hill, acting on behalf of Reginald E. Jones, Jr., pursuant to 28 U.S.C. § 2242, have studied the allegations of the Verified Petition for a Writ of Habeas Corpus and, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Reginald E. Jones, Jr.
Reginald E. Jones, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Missouri by using the CM/ECF system.

I further certify that a true and correct copy of the foregoing was personally served on the following individuals:

>Darryl Forté
>Jackson County Sheriff
>4001 NE Lakewood Court
>Lee's Summit, MO 64064

>Diana Turner
>1300 Cherry Street
>Kansas City, MO 64106

I further certify that a true and correct copy of the foregoing was served on the following individuals:

>Bryan Covinsky
>County Counselor
>Jackson County Courthouse
>415 E. 12th Street
>2d Floor
>Kansas City, MO 64106

>Sarah Castle
>Assistant Prosecuting Attorney
>Jackson County Courthouse
>415 E. 12th Street
>11th Floor
>Kansas City, MO 64106

>Dion Sankar
>Assistant Prosecuting Attorney
>Jackson County Courthouse
>415 E. 12th Street
>11th Floor
>Kansas City, MO 64106

Lauren Dollar
Assistant Prosecuting Attorney
Jackson County Courthouse
415 E. 12th Street
11th Floor
Kansas City, MO 64106

The Honorable Kevin D. Harrell
Jackson County Courthouse
415 E. 12th Street
8th Floor
Kansas City, MO 64106

                                                   /s/ Michael K. Hill