IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

REGINALD E. JONES, JR.,

    Petitioner,

v.

DARRYL FORTÉ, Jackson County Sheriff;
and DIANA TURNER, Director of the
Jackson County Department of Corrections,

    Respondents.

Case No. 4:19-cv-00483-FJG

### EMERGENCY MOTION FOR STAY

**COMES NOW** Petitioner, through counsel, and respectfully moves the Court to issue an emergency stay enjoining the State of Missouri from undertaking any retrial in Petitioner's underlying state criminal case, *State of Missouri ex rel. Reginald E. Jones, Jr.*, cause number 1716-CR05421-01, until Petitioner has an opportunity to litigate his Petition before this Court. In support, Petitioner states the following:

**I.  Background Facts and Procedural History**

1. On June 13, 2019, the Honorable Kevin Harrell issued an oral Order declaring a mistrial, which is the subject of the instant Petition.

2. Judge Harrell directed the parties to appear on June 14, 2019, at 10:30AM to schedule a new trial.

3. Judge Harrell stated that this new trial would be set for Monday, June 17, 2019.

4. Judge Harrell subsequently continued Petitioner's retrial to begin on Monday, June 24, 2019.

5. On June 13, 2019, the same day of the mistrial in question, Petitioner ordered the transcripts of the critical trial days of June 12, 2019, and June 13, 2019. Petitioner was informed that the transcripts were not immediately available, and that the transcripts would be generated as soon as possible.

6. These transcripts are not yet available but are critical to this proceeding.

7. On June 14, 2019, Petitioner filed a writ of prohibition in the Missouri Court of Appeals, challenging his retrial. That writ was summarily denied the same day.

8. On June 14, 2019, Petitioner filed a writ of prohibition in the Missouri Supreme Court. That writ was summarily denied without prejudice on June 20, 2019.

9. On June 21, 2019, Petitioner's lead state-court trial counsel, Paige Bremner, served copies of the Petitioner's Verified Petition for Writ of Habeas Corpus on all parties.

10. Also on June 21, 2019, Ms. Bremner moved Judge Harrell for a stay of Petitioner's retrial to allow Petitioner to litigate the instant cause of action before this Court. Judge Harrell denied Ms. Bremner's motion for stay.

**II. Legal Standard**

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or *where necessary in aid of its jurisdiction*, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added). A stay is necessary in aid of a court's jurisdiction when a further state court proceeding would cause irreparable harm. *E.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 501 F.2d 383, 384 (4th Cir. 1974); *Wulp v. Corcoran*, 454 F.2d 826 (1st Cir. 1972); *In re McMullen*, 189 B.R. 402 (Bankr. E.D. Mich. 1995). In the context of a criminal prosecution, "the threat to the plaintiff's

federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

**III.     Argument**

"The Double Jeopardy Clause provides that '[n]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb.'" *Gouveia v. Espinda*, 17-16892, 2019 WL 2439422, at *6 (9th Cir. June 12, 2019) (quoting U.S. Const. amend. V). "The Clause embodies the principle that 'the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense.'" *Id.* (quoting *Green v. United States*, 355 U.S. 184, 187 (1957)). "'[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition.'" *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004).

A double jeopardy claim is an exception to the *Younger* abstention doctrine. *Wilson v. Czerniak*, 355 F.3d 1151, 1157 (9th Cir. 2004) ("double jeopardy claims present an exception to the general rule requiring federal courts to abstain from interfering with pending state proceedings"); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) (same); *Schillaci v. Peyton*, 328 F.Supp.2d 1103, 1105 (D. Haw. 2004) (same). Likewise, it is well settled that the *Rooker-Feldman* doctrine is inapplicable to cases seeking habeas corpus relief. *See In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) ("It is well-settled that the *Rooker–Feldman* doctrine does not touch the writ of habeas corpus."). And Petitioner has exhausted his state remedies by seeking a stay from the trial court and seeking a writ of prohibition from every appellate avenue available at the state level.

3

If the retrial against Petitioner is allowed to proceed, he will be irreparably harmed because the instant habeas corpus claim's very core—the right to be free from a subsequent prosecution—would be thwarted. *See Gouveia*, 2019 WL 2439422, at *11 (quoting *Abney v. United States*, 431 U.S. 651, 661 (1977) (Retrying Gouveia would expose him to the exact evils against which the Double Jeopardy Clause protects—that is, 'the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense.'"). This is a strong showing of irreparable harm. The state court proceeding at a fast pace to retry Petitioner would prevent this Court from reviewing Petitioner's cause of action, thwarting this Court's review and jurisdiction because the instant cause of action would become moot. Moreover, Congress has authorized injunctive relief pursuant to writs of habeas corpus. *See* 28 U.S.C. § 1651(a).

### IV. Conclusion

Petitioner would suffer irreparable harm if this Court does not grant the instant stay. Petitioner's unlawful retrial is scheduled to begin on the next business day. He faces the jeopardy of at least two sentences of life without parole. The interests of justice, the equities, and Petitioner's fundamental rights can be protected no other way. Accordingly, Petitioner respectfully moves the Court to enter an Order staying the trial in the underlying state cause of action so Petitioner can pursue this cause of action before this Court.

**WHEREFORE**, respectfully moves the Court to issue an emergency stay, and enjoin the State of Missouri from retrial in Petitioner's underlying state cause of action, until Petitioner has an opportunity to litigate his Petition before this Court.

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Missouri by using the CM/ECF system.

I further certify that a true and correct copy of the foregoing was personally served on the following individuals:

>Darryl Forté
>Jackson County Sheriff
>4001 NE Lakewood Court
>Lee's Summit, MO 64064

>Diana Turner
>1300 Cherry Street
>Kansas City, MO 64106

I further certify that a true and correct copy of the foregoing was served on the following individuals:

>Bryan Covinsky
>County Counselor
>bcovinsky@jacksongov.org

>Sarah Castle
>Assistant Prosecuting Attorney
>scastle@jacksongov.org

>Dion Sankar
>Assistant Prosecuting Attorney
>dsankar@jacksongov.org

>Lauren Dollar
>Assistant Prosecuting Attorney
>ldollar@jacksongov.org

>The Honorable Kevin D. Harrell
>div18.cir16@courts.mo.gov

/s/ Michael K. Hill